IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MONSANTO COMPANY                                         PLAINTIFF

v.                    Case No. _____

HOWARD FITTS                                             DEFENDANT

## COMPLAINT

Monsanto Company (hereinafter "Monsanto"), by its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for its Complaint against Howard Fitts (hereinafter referred to as "Fitts" or "defendant"), alleges:

### PARTIES

1.  Monsanto is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. It is authorized to do and is doing business in Arkansas and in this judicial district.

2.  Howard Fitts is an individual who has obtained the age of majority and, upon information and belief, is a resident and domiciliary of 402 West Third Street, Brinkley, Monroe County, Arkansas.

### JURISDICTION AND VENUE

3.  Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1338, granting district courts original jurisdiction over any civil action regarding patents.

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1400, in that the defendant resides in this judicial district and in that a substantial part of the

events giving rise to this claim for patent infringement occurred in this judicial district.

## GENERAL ALLEGATIONS

5.     Monsanto is in the business of developing, manufacturing, licensing and selling agricultural biotechnology, agricultural chemicals and other agricultural products. After the investment of substantial time, expense and expertise, Monsanto developed a new plant biotechnology that involves the insertion of a man-made gene that causes a plant to be resistant to glyphosate based herbicides such as Roundup Ultra®[1] or Touchdown®, or Glyphos®

6.     This new biotechnology has been utilized by Monsanto in soybeans. The genetically improved soybeans are marketed by Monsanto as Roundup Ready[2] soybeans.

7.     Roundup Ultra® is a non-selective herbicide which will cause severe injury or death to soybeans that do not contain the Roundup Ready® technology.

8.     Monsanto's Roundup Ready® technology is protected by U.S. Patent Number 5,352,605, a copy of which is attached hereto as Exhibit "A."  U. S. Patent No. 5,352,605 was issued and assigned to Monsanto prior to the events giving rise to this action.

9.     Monsanto placed the required statutory notice that its Roundup Ready® technology was patented on the labeling of all bags containing Roundup

---

[1] Roundup Ultra® is a registered trademark of Monsanto Company.
[2] Roundup Ready® is a registered trademark of Monsanto Company.

Ready® soybean seed. In particular, each bag of Roundup Ready® soybean seed is marked with notice of U.S. Patent Number 5,352,605 in conformance with 35 U.S.C. §287.

10. Monsanto licenses the use of Roundup Ready® seed technology to soybean producers at the retail marketing level through a limited use license agreement.

11. Under the terms of the limited use license agreement, the purchaser/licensee is prohibited from saving, selling, reselling or otherwise transferring any seed produced from the purchased seed for use as a planting seed.

12. Authorized purchasers of Roundup Ready® soybeans are also required to pay a license fee (otherwise known as a "technology fee") for each commercial unit of seed purchased.

13. Monsanto does not authorize the planting of saved (commonly referred to as bin run and/or brown bag) Roundup Ready® soybeans.

14. Upon information and belief, defendant planted brown bag Roundup Ready® soybean seed during the 2002 planting season in contravention of Monsanto's patent rights.

15. Upon information and belief, defendant applied a glyphosate based herbicide over-the-top of the soybeans planted with saved seed.

16. Upon information and belief, defendant knowingly, intentionally and willfully planted saved Roundup Ready® soybean seed without authorization and in violation of Monsanto's patent rights in those soybeans.

## PATENT INFRINGEMENT - PATENT NO. 5,352,605

17. Each and every allegation set forth in the above numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

18. On October 4, 1994, United States Patent No. 5,352,605 was dully and legally issued to plaintiff for an invention entitled "Chimeric Genes for Transforming Plant Cells Using Viral Promoters," and since that date, Monsanto has been and still is the owner of that patent. This invention is in the field of genetic engineering and plant biology.

19. Monsanto placed the required statutory notice that its Roundup Ready® soybean seed was protected by U.S. Patent No. 5,352,605 on the labeling of all bags containing Roundup Ready® soybean seed in compliance with 35 U.S.C. §287

20. Defendant's conduct, as set forth above, constitutes the unauthorized use of a patented invention within the United States during the term of Patent No. 5,352,605, all in violation of 35 U.S.C. §271, and Monsanto therefore has a right of civil action against the defendant pursuant to 35 U.S.C. § 281.

21. Upon information and belief, defendant has been and may still be infringing that patent by making, selling, offering for sale, using or otherwise transferring Roundup Ready® soybeans embodying the patented invention without authorization from Monsanto and he will continue to do so unless enjoined by this Court.

22. Pursuant to 35 U.S.C. §283, Monsanto is entitled to injunctive relief in accordance with the principles of equity to prevent the infringement of rights secured by its patents.

23. Pursuant to 35 U.S.C. §284, Monsanto is entitled to damages adequate to compensate for the infringement, although in no event less than a reasonable royalty, together with such interest and cost to be taxed to the infringer. Monsanto requests that these damages be trebled pursuant to 35 U.S.C.§284 in light of the defendant's knowing, willful, deliberate and conscious infringement of the patent right at issue.

24. The infringing activities of defendant brings this case within the ambit of the exceptional case contemplated by 35 U.S.C. §285, thus Monsanto requests the award of reasonable attorney's fees.

WHEREFORE, Monsanto Company prays that process and due form of law issue to defendant herein, requiring him to appear and answer, all and singular, the allegations of this Complaint, and that after due proceedings are had, there be judgment in favor of Monsanto Company and against the defendant, providing the following remedies to Monsanto:

1. Entry of judgment for damages, together with interest and costs, to compensate Monsanto's for the defendant's patent infringement;

2. Trebling of damages awarded to Monsanto for the infringement of its patents, together with reasonable attorney's fees;

3. Entry of an order prohibiting the defendant from planting, transferring or selling the infringing articles to a third party for planting purposes;

4. Entry of a permanent injunction to prevent defendant from using, cleaning or planting any of Monsanto's proprietary seed biotechnology without express written authorization from Monsanto; and

5. Such other relief as the Court may deem appropriate.

>MITCHELL, WILLIAMS, SELIG,
>GATES & WOODYARD, P.L.L.C.
>425 West Capitol Avenue, Suite 1800
>Little Rock, Arkansas 72201
>(501) 688-8800
>
>By _____
>John K. Baker, Ark. Bar No. 97024
>David P. Glover, Ark. Bar No. 99148
>
>- AND -
>
>Miles P. Clements, T.A. (La. #4184)
>Wayne K. McNeil (La. #20956)
>Joel E. Cape (La. #26001)
>Frilot, Partridge, Kohnke & Clements, L.C.
>3600 Energy Centre, 1100 Poydras St.
>New Orleans, Louisiana 70163-3600
>(504) 599-8000
>
>*Of Counsel*
>
>Attorneys for Monsanto Company

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

*Exhibits Attached to Original Document in Courts's Case File*