FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

DEC 2 7 2002

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**MONSANTO COMPANY**                                            **PLAINTIFF**

**vs.**                            **CASE NO. 2-02-CV-00178GH**

**HOWARD FITTS**                                            **DEFENDANT**

**ANSWER**

Comes the Defendant, Howard Fitts, by and through his attorneys, Ramsay, Bridgforth,

Harrelson and Starling LLP, and for his Answer to Monsanto Company's Complaint, states:

1.      Defendant is without knowledge sufficient to enable him to form a belief as to the

truth or falsity of the allegations contained in paragraph one, and therefore, denies same.

2.      Defendant admits the allegations contained in paragraph two.

3.      Defendant asserts that paragraph three contains legal conclusions upon which no

affirmation or denial is necessary.  Defendant affirmatively states that he has not determined

whether this Court has subject matter jurisdiction over this matter.  Defendant reserves the right

to object to the subject matter jurisdiction of this Court based on investigation and discovery.

4.      Defendant asserts that paragraph 4 contains a legal conclusion upon which no

affirmation or denial is necessary.  Defendant admits that he resides in the judicial district

encompassed by the Eastern District of Arkansas and that a substantial part of the alleged events

contained in Plaintiff's Complaint, if proven true, appear to have occurred in the judicial district

encompassed by the Eastern District of Arkansas.  Defendant denies the remaining allegations

contained in paragraph 4 not explicitly admitted herein.  Defendant does not object to venue

assuming that subject matter jurisdiction in this Court is appropriate.

-2-

5.     Defendant is without knowledge sufficient to enable him to form a belief as to the truth or falsity of the allegations contained in paragraph 5, and therefore, denies same.

6.     Defendant is without knowledge sufficient to enable him to form a belief as to the truth or falsity of the allegations contained in paragraph 6, and therefore, denies same.

7.     Defendant is without knowledge sufficient to enable him to form a belief as to the truth or falsity of the allegations contained in paragraph 7, and therefore, denies same.

8.     Defendant is without knowledge sufficient to enable him to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and therefore, denies same. Defendant asserts that Exhibit "A" speaks for itself.

9.     Defendant is without knowledge sufficient to enable him to form a belief as to the truth or falsity of the allegations contained in paragraph 9, and therefore, denies same.

10.     Defendant is without knowledge sufficient to enable him to form a belief as to the truth or falsity of the allegations contained in paragraph 10, and therefore, denies same.

11.     Defendant is without knowledge sufficient to enable him to form a belief as to the truth or falsity of the allegations contained in paragraph 11, and therefore, denies same.

12.     Defendant is without knowledge sufficient to enable him to form a belief as to the truth or falsity of the allegations contained in paragraph 12, and therefore, denies same.

13.     Defendant is without knowledge sufficient to enable him to form a belief as to the truth or falsity of the allegations contained in paragraph 13, and therefore, denies same.

14.     Defendant denies the allegations contained in paragraph 14.

15.     Defendant denies the allegations contained in paragraph 15.

16.     Defendant denies the allegations contained in paragraph 16.

-3-

17.     Defendant incorporates by reference its answers to paragraphs 1 through 16 as if set forth herein word for word.   Defendant denies the remaining allegations contained in paragraph 17 not explicitly admitted herein.

18.     Defendant is without knowledge sufficient to enable him to form a belief as to the truth or falsity of the allegations contained in paragraph 18, and therefore, denies same.

19.     Defendant is without knowledge sufficient to enable him to form a belief as to the truth or falsity of the allegations contained in paragraph 19, and therefore, denies same.

20.     Defendant denies the allegations contained in paragraph 20.

21.     Defendant denies the allegations contained in paragraph 21.

22.     Defendant denies the allegations contained in paragraph 22.

23.     Defendant denies the allegations contained in paragraph 23.

24.     Defendant denies the allegations contained in paragraph 24.

25.     Defendant denies that Plaintiff, Monsanto Company, is entitled to the relief requested in its Wherefore paragraph and denies all allegations contained therein.

26.     Defendant denies each and every allegation that is not explicitly admitted herein.

27.     Defendant specifically reserves the right to amend his answer, file a Cross-claim, Counter-claim, or Third Party Complaint and otherwise plead further herein upon completion of investigation and discovery.

28.     Defendant asserts and incorporates by reference all factual and legal affirmative defenses set forth in Rule 8(c) and Rule 12(b) of the Federal Rules of Civil Procedure as if set forth herein word for word.

-4-

29.     Defendant asserts that Plaintiff's Complaint is barred by the applicable statute of limitations.  In the alternative, Defendant asserts that Plaintiff's Complaint is barred by the doctrines of estopple and laches.

30.     Without admitting any wrongdoing whatsoever, Defendant asserts that United States Patent No. 5,352,605 is invalid.

31.     Without admitting any wrongdoing whatsoever, Defendant asserts that in the event the Court finds infringement, any infringement by Defendant upon Plaintiff's patent was innocent, and accordingly, Plaintiff is not entitled to recover from Defendant, or in the alternative, any recovery by Plaintiff is limited.

32.     Without admitting any wrongdoing whatsoever, Defendant asserts that in the event the Court finds infringement, Defendant was an innocent purchaser.

33.     Defendant hereby requests a trial by jury on all issues so triable.

**WHEREFORE,** the Defendant, Howard Fitts, prays that the Court enter an Order dismissing the Complaint of the Plaintiff, Monsanto Company, awarding Defendant his attorney's fees and costs expended in the defense of this action, and awarding Defendant all other proper and equitable relief.

-5-

Respectfully submitted,

**RAMSAY, BRIDGFORTH, HARRELSON
AND STARLING LLP**
Post Office Box 8509
Pine Bluff, Arkansas 71611
Telephone: (870) 535-9000
Attorneys for Defendant, Howard Fitts

By _____
William M. Bridgforth, ABA # 90165
J. Jarrod Russell, ABA # 2001122

## CERTIFICATE OF SERVICE

I, William M. Bridgforth, one of the attorneys for the Defendant, Howard Fitts, hereby certify that a true and correct copy of the foregoing has been sent to:

John K. Baker
David P. Glover
Mitchell, Williams, Selig,
Gates & Woodyard, P.L.L.C
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201

Miles P. Clements, T.A.
Wayne K. McNeil
Joel E. Cape
Frilot, Partridge, Kohnke & Clements, L. C.
3600 Energy Centre, 100 Poydras St.
New Orleans, Louisiana 70163-3600

by ordinary mail, postage prepaid, this 26th day of December, 2002.

_____
William M. Bridgforth, ABA #90165
J. Jarrod Russell, ABA #2001122